UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| WILLIAM R. LARSEN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:09-cv-55 |
| FORT WAYNE POLICE OFFICER JUAN BARRIENTES, and FORT WAYNE POLICE OFFICER ALLEN GLOCK, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court[1] on the fully-briefed motion in limine filed by the Defendants, Fort Wayne Police Officers Juan Barrientes and Allen Glock, on June 24, 2010. (Docket # 70.) For the reasons provided, the Defendants' motion in limine will be GRANTED.

### I. FACTUAL AND PROCEDURAL HISTORY

On February 3, 2007, Plaintiff William Larsen attended his daughter's show choir competition at Northrop High School. (Larsen Dep. 21-23.) After Larsen repeatedly protested the event's ban on private videotaping (Larsen Dep. 34, 40-41, 48–54), Officers Barrientes and Glock removed him from the premises and arrested him for disorderly conduct and resisting law enforcement. (Barrientes Dep. 39-40, 42-43, 47.) These charges were later dismissed (Larsen Dep. 90), and Larsen filed suit against the Defendant Officers and Kevin Damerell, Northrop's Assistant Principal, alleging false arrest, excessive force, First Amendment violations, and various state claims. (Docket # 1.) Summary judgment was granted in the Defendants' favor on

---

[1] Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.

all claims other than false arrest and excessive force against the Defendant Officers. (Docket # 64.) Only these final two claims remain for trial. (Docket # 67.)

## II. NATURE OF AN ORDER IN LIMINE

"A motion in limine is a request for guidance by the court regarding an evidentiary question." *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999) (citation omitted). "Federal district courts have the power to exclude evidence *in limine* pursuant to their authority to manage trials." *Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (citation omitted).

"[A]s the term 'in limine' suggests, a court's decision on such evidence is preliminary in nature and subject to change." *Id.*; *see United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion in limine is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial"). Indeed, the Seventh Circuit Court of Appeals has noted that "a ruling [in limine] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer." *Connelly*, 874 F.2d at 416 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Thus, a ruling on a motion in limine is not necessarily the final determination on the admissibility of the evidence discussed in the motion. *See Wilson*, 182 F.3d at 570-71. Instead, an order on a motion in limine is essentially an advisory opinion, "merely speculative in effect." *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

### III. THE DEFENDANTS' MOTION IN LIMINE

*A. Unopposed Portions of the Defendants' Motion in Limine*

The Plaintiff did not raise any objection to the Defendants' motion in limine concerning the recording of a radio talk show discussing the incident, other claims (now dismissed) in this case, any previous incidents or lawsuits involving claims of false arrest or the alleged use of excessive force by the Officers[2], the Officers' disciplinary records, attorney's fees in connection with prosecuting this lawsuit, and any settlement negotiations. Consequently, the Defendants' motion will be GRANTED as to this evidence.

*B. The Dismissal of the Underlying Criminal Charges Against the Plaintiff*

The Defendants argue that the dismissal of the criminal charges against Larsen is irrelevant to whether they had probable cause to arrest him and must therefore be excluded from evidence at trial. (Defs.' Mot. in Limine 2-3.) Rather, they contend that probable cause to arrest must be judged solely by analyzing whether the "facts and circumstances" available at the time of arrest warranted "a reasonable officer in believing that the accused had committed a crime." (*Id*. at 2-3.) The Plaintiff argues that the dismissal is probative of the absence of probable cause to arrest.

The Court agrees with the Defendants that the final disposition of the charges brought against Larsen is inadmissible. "The relevant inquiry" in probable cause analysis "is whether [the officers] acted objectively reasonable in light of the facts and law known to him at the time of . . . arrest–not upon subsequent legal analysis." *Forman v. Richmond Police Dept.*, 104 F.3d 950, 962 (7th Cir. 1997); *see also Ochana v. Flores*, 347 F.3d 266, 272 (7th Cir. 2003) ("It was

---

[2] The Plaintiff's response on this issue and other alleged instances of excessive force is so confusing that the Court will grant the motion under Federal Rules of Evidence 402 and 403, even though the Plaintiff appears to object. The Court will address the issue, if necessary, during the trial as the evidence unfolds.

not an abuse of discretion for the court to grant the officers' motion *in limine* to bar . . . the disposition of the underlying criminal charges, because these were not facts within the officers' knowledge at the time of the arrest . . . ."); *Currier v. Baldridge*, 914 F.2d 993, 996 (7th Cir. 1990) ("[T]he mere fact that [plaintiff] was acquitted of the crime for which he was initially arrested does not lead to section 1983 liability for the arresting officer."). The dismissal of the charges is therefore irrelevant to Larsen's false arrest claim and will not be admitted. *See* Fed. R. Evid. 402.

This evidence is similarly inadmissible for Larsen's excessive force claim. Whether or not Larsen was "later charged with a crime is irrelevant when deciding whether the amount of force the Officers used in arresting [him] was excessive." *Starks-Harris v. Taylor*, No. 1:08-cv-176, 2009 WL 2970382, at *3 (N.D. Ind. Sept. 4, 2009). Accordingly, the outcome of the criminal charges will also be excluded from Larsen's excessive force claim.

The Defendants will, of course, be permitted to testify why they arrested Larsen, as that would relate to the facts and circumstances surrounding the arrest and the reasonableness of the force used. *See* Fed. R. Evid. 402; *Starks-Harris*, 2009 WL 2970382, at *3. The Defendants' motion is therefore GRANTED with respect to this evidence.

### C. Opinion Testimony from Lay Witnesses Regarding Excessiveness of Force

The Defendants seek to exclude any lay witness testimony describing the force used against Larsen as "unreasonable" or "excessive" and to preclude the admission of an email Larsen received from a witness to that effect. (Defs.' Mot. in Limine 3; Pl.'s Designation of Evidence Ex. CC.) The Defendants contend that since the jury must ultimately make these inferences, Larsen's witnesses are limited to reporting what they "saw and heard." (*Id*. at 4.) The Plaintiff argues that the witness should be allowed such shorthand expressions as "unreasonable"

or "excessive" when describing the Plaintiff's arrest.

The Defendants' argument is persuasive. The Seventh Circuit has held that "lay testimony offering a legal conclusion is inadmissible because it is not helpful to the jury, as required by Rule 701(b)." *United States v. Noel*, 581 F.3d 490, 496 (7th Cir. 2009). "This is because a lay witness's purpose is to inform the jury what is in the evidence, not to tell it what inferences to draw from that evidence." *Id*.

Here, the jury must decide whether the Officers employed excessive force. *See Graham v. Connor*, 490 U.S. 386 (1989); *Tennessee v. Garner*, 471 U.S. 1 (1985); *Sallenger v. Oakes,* 473 F.3d 731, 742 (7th Cir. 2007); *see also* Federal Civil Jury Instructions of the Seventh Circuit No. 7.08. Consequently, witnesses to the arrest may testify about what they observed, but cannot attach legal labels such as "excessive" or "unreasonable" to the Officers' actions. *See Norman v. City of Lorain, Ohio*, No. 1:04 CV 913, 2006 WL 5249724, at *4 (N.D. Ohio Nov. 16, 2006). Thus, the Defendants' motion in limine is GRANTED regarding this evidence.[3]

### D. Evidence Regarding Causation of Plaintiff's Injuries Allegedly Resulting from the Incident

The Defendants also seek to prevent any lay[4] testimony from Larsen or others that the

---

[3] Some of these lay witnesses, observers of the incident, were previously deposed. Larsen's counsel has submitted four so-called affidavits from witnesses in an effort to establish their unavailability for trial, presumably under Federal Rule of Civil Procedure 32(a)(4)(B). Even if it can be assumed that "unavailability" can be established by affidavit, the effort fails here because: (1) the documents do not contain a proper notary jurat; (2) the "penalty for perjury" recitation at the outset of the document by its terms ("foregoing") excludes the purported assertion; (3) the witnesses did not specify which state they are referring to when asserting that they will be "out of the state" during the trial; and (4) presuming that they are referring to Indiana, when considering the proximity of Fort Wayne, Indiana, to Ohio and Michigan, a witness's bare assertion that he or she will be "out of the state" does not equate to a showing that he or she will be "more than 100 miles from the place of . . . trial" as is required by Rule 32(a)(4)(B). Of course, this issue, if necessary, can be further addressed at trial as the evidence unfolds.

[4] Larsen is precluded from using expert testimony by his failure to follow the Court's Scheduling Order (Docket # 18) prescribing the deadline for disclosing medical experts. Additionally, the time for providing the Defendants with the necessary written report, required by Federal Rule of Civil Procedure 26(a)(2)(B), passed without Larsen taking any action or even identifying expert witnesses. It appears that he plans to prove his physical and emotional injuries with his own testimony aided by a few witnesses, and thus the issue of potential expert testimony is

incident caused "physical injuries, mental anguish and stress." (Defs.' Mot. In Limine 11.) They contend that Federal Rule of Evidence 701 allows only experts to make the "complex medical determination[s]" necessary to uncover the causes of Larsen's alleged injury. (*Id*. at 15.) Additionally, the Defendants seek to exclude other evidence that would require expert testimony, including "medical records or bills." (*Id*.) However, they concede that Larsen may discuss "the feelings he experienced at the time of the arrest." (*Id*.) It appears from the Plaintiff's response that he does not intend to submit medical records, or bills, and will only testify about his feelings and the injuries he experienced at the time of the arrest or shortly afterward.

The Defendants correctly delineate the bounds of permissible testimony and evidence concerning causation. Larsen may testify about his own perception of his physical and mental health, before and after the incident. This includes recounting any pain, fear, or anxiety he experienced during those times. *See Hendrickson v. Cooper*, 589 F.3d 887, 893 (7th Cir. 2009) (allowing plaintiff to describe pain resulting from attack where there is "no . . . complicated question of medical causation"); *United States v. Cravens,* 275 F.3d 637, 640 (7th Cir. 2001) (allowing lay opinion testimony to establish existence of drug or alcohol problem); *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1196-98 (3d. Cir. 1995) (recognizing lay testimony as to health as "quintessential Rule 701 opinion testimony"); *Holleman v. Duckworth*, 700 F.2d 391, 395 (7th Cir. 1983) (permitting plaintiff's testimony as to his own medical symptoms).

No witness, however, shall be permitted to opine that the arrest proximately caused Larsen's mental and physical health problems or offer a medical diagnosis of his alleged injuries. *Cravens*, 275 F.3d at 641. ("Although a lay person may readily observe a [health]

---

not before the Court.

6

problem, the *causatio*n of a mental disease or defect is a more technical medical determination such that a court would find expert testimony particularly useful to its ultimate decision."); *see also Goffman v. Gross*, 59 F.3d 668, 672 (7th Cir. 1995) (holding that lay testimony is not sufficient to establish plaintiff's claim that secondhand smoke caused his symptoms). Larsen can only lay the groundwork for the jury to infer causation by testifying about his present health conditions and whether they appeared prior to the incident. *Hendrickson*, 589 F.3d at 892-93 (plaintiff may describe the altercation and any ensuing pain or suffering he experienced at that time). Accordingly, the Defendants' motion is GRANTED with respect to this evidence.

## V. CONCLUSION

For the foregoing reasons, the Defendants' motion in limine (Docket # 69) is GRANTED.

It is therefore ORDERED that counsel, those acting on behalf of the parties, and any witnesses shall not refer to the matters excluded pursuant to this Opinion and Order, either directly or indirectly, during voir dire, opening statements, interrogation of witnesses, objection, arguments, closing statements, or otherwise, without first obtaining permission of the Court outside the presence or hearing of the jury. Counsel are further ORDERED to warn and caution each and every one of their witnesses to strictly follow these instructions.

SO ORDERED.

Enter for the 12th day of July, 2010.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge